ROSA WALTER *vs.* CHARLES HENSEL, Administrator.

December 24, 1889.

Mutual Benefit Society — Designation of Beneficiary — "Representatives."—The articles of association of "The Odd Fellows' Mutual Benefit Society," organized under Gen. St. 1878, c. 34, title 3, state that "the general nature of its business, and its general purpose, is the insuring the lives of the members, upon the plan of paying to the representatives of every deceased member a certain sum, to be assessed upon and received from the other members of said association." There being nothing in the statute, or elsewhere in the articles of association or by-laws, limiting the beneficiaries of such insurance to any particular classes of persons, *held*, that the word "representatives," as here used, is to be construed, not in any limited or technical sense, but as meaning and including any person whom the member may designate, or, if he fail to desig-

nate, the person whom the by-laws designate, as the person to whom the money shall be paid.

Same—Beneficiary outside of Family.—A designation as beneficiary of a person not a member of the family of the member is valid.

Appeal by defendant, Hensel, as administrator of George B. Everett, deceased, from a judgment of the district court for Nicollet county, (where the action was tried by *Webber*, J., without a jury,) adjudging that the plaintiff recover from the Minnesota Odd-Fellows' Mutual Benefit Society the sum of $2,000, theretofore paid into court by that society. The action was originally brought against the society on a certificate issued to Geo. B. Everett, and, upon its paying the amount of the certificate into court, Hensel, who also claimed it, was substituted as defendant.

*C. R. Davis* and *A. A. Stone,* for appellant.

*E. St. Julien & W. S. Cox,* for respondent.

MITCHELL, J. The Odd-Fellows' Mutual Benefit Society is a corporation organized in 1870 under Gen. St. 1878, *c.* 34, tit. 3, relating to corporations other than those for pecuniary profit. The articles of association of the society state that "the general nature of its business, and its general purpose, is the insuring the lives of the members upon the plan of paying to the *representatives* of every deceased member a certain sum, to be assessed upon and received from the other members of said association." The by-laws, after stating the purpose and object of the association in the same language as the articles, and limiting membership to Odd-Fellows under the age of 55 years, who can pass the requisite medical examination, provide that, upon the death of a member, his widow, *heirs,* or *designated beneficiary* shall receive a sum equal to one dollar for each member of his class at the time of his death, not exceeding a specified sum; that the applicant for membership shall designate in his application some person or persons to whom it shall be paid in the event of his death, and that the secretary shall enter such name or names upon the records, and indorse them upon the certificate of membership; that, in the event that any member fails to designate a beneficiary, then in case of his death the amount should be paid (1) to his widow; (2) if no widow, to his

children; (3) if no children, to his mother; (4) if no mother, to his father; (5) if no father, then to his *legal heirs;* and (6) in default of all these, and *in case of no designated beneficiary,* the money shall revert to the society, after the board of directors shall have appropriated such part of it as they deem proper towards sick or funeral expenses of the deceased, or for monumental purposes. The articles also provide for a change in the designation of the beneficiary by a member upon written application, accompanied by a return of his certificate, and upon approval of the change by the directors; in which event the change shall be made, and a new certificate issued to the member. In December, 1884, Everett became a member of the society, which issued to him a certificate, by which it agreed to pay the specified amount of insurance on his life, within 60 days after notice and proof of his death, to his "*executor,*" whom Everett designated as the person to whom the money should be paid. In August, 1885, pursuant to the provisions of the by-laws, Everett applied to change the beneficiary from his executor to the plaintiff, Rosa Walter, which, upon approval of the directors, was done, and a new certificate of membership, intended as a substitute for the first, which was returned and cancelled, was issued to him, in which plaintiff was designated as the beneficiary. Everett himself paid his membership fee and all assessments made by the society against him during his life. He died intestate in 1887, leaving no widow, his wife having been previously divorced from him, and an only child,—a daughter. Plaintiff is not, and never has been, in any manner or degree related to or connected with Everett, either by consanguinity or affinity, nor was she ever a member of his family. After his death the insurance on his life was claimed both by the plaintiff and by Hensel, the administrator of his estate, and, the former having brought this action against the society for its recovery, the society was permitted to pay the money into court, and the administrator was substituted as defendant in its place. The question is, which of the present parties to the action is entitled to the money.

The contention of the administrator is that the Odd-Fellows' Mutual Benefit Society is a benevolent association of the class de-

scribed in Gen. St. 1878, *c.* 34, § 368, incorporated for the *sole* purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the *families* of deceased members; and hence that the attempted designation of plaintiff as beneficiary was inoperative and void, she not being a member of Everett's family, and therefore the designation of his "executor" in the first certificate still remains in force.

If this contention as to the nature of the society is correct, it is difficult to see what right defendant has to the money; for, if only members of the family of a member could be beneficiaries, the designation of his personal representatives, like the designation of "his estate," would amount to no designation at all, and the money would, in such contingency, under the by-laws, belong to Everett's daughter. For, while it may be that if money had in fact been paid over to the administrator which in fact belonged to the daughter, he would be deemed to hold it as trustee for her, and not as assets of the estate, yet he would have no right to demand payment of it or sue for it. Personal representatives have a right only to such funds as belong to the estate of the decedent, and which, when received, are assets for the purposes of administration and distribution under the statute or the will. If this money belongs to the daughter, it is no part of the estate of the deceased, and the defendant, as administrator, in no way represents the daughter.

But, passing this question, we think the defendant is entirely in error as to the nature of this society. He reasons from a false premise, or, rather, begs the very question at issue. He assumes that the society is organized under a statute which authorizes the payment of insurance on the lives of its members *only* to their *families,* and then argues from that premise that the term "representatives" in the articles of association must, in order to make these articles conform to the statute, be construed as limited to members of the families of the insured, and then the by-laws construed so as to harmonize with this construction of the articles. If he was correct as to the statute, it is true that we would be justified in giving a liberal construction to the articles in order, if possible, to make them conform to the law under which the society assumed to organize;

and if the statute or articles of association clearly limited beneficiaries to certain specified classes of persons, we might construe the provisions of the by-laws as limiting the right of designating beneficiaries to persons of the specified classes; and, if there was a conflict between the articles of association and the by-laws, undoubtedly the former would prevail. But, as a matter of fact, there is absolutely no limitation in the statute as to who may be beneficiaries. So far as the statute is concerned, the society might have provided that any person might be designated as beneficiary. Hence we are thrown back entirely upon the articles of association and by-laws. There is nothing in the by-laws imposing any restrictions or limitations as to the persons whom members may designate as their beneficiaries; certainly nothing limiting such designation to their families. On the contrary, they expressly provide in one contingency that the money shall be paid to the "legal heirs" of the deceased member, without limitation as to degree, or as to dependency upon him; and it will be observed that it is only upon *both* a failure of widow, children, mother, father, and "legal heirs," *and* in case of no designated beneficiary, that the money reverts to the association. In fact, all the provisions of the by-laws look towards and imply an unlimited right of designation.

The stipulation in the case that the association is a "benevolent" society amounts to nothing, for at best that is a very ambiguous and equivocal term. Moreover, the articles of association and by-laws are also stipulated into the case, and to them must we look to ascertain their meaning and the character of the association. When we turn to the articles, we find no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with a member for the payment of benefits to persons other than his widow, children, or members of his family. There are two rules which we think should be applied in the construction of these articles: (1) That, in the absence of any prohibitory or restrictive language in them, or in the statute under which the society is organized, any person might be designated the beneficiary of the insurance on the life of the member, provided, of course, such designation did not violate some rule founded in public policy,—a question not raised or

involved here. . (2) Where the language is ambiguous, or inaccurate, and reasonably susceptible of two interpretations, it should be construed most favorably to the right of designation. The only thing in these articles bearing upon the question, who may be beneficiaries? is the statement that the general nature of the business and purpose of the society is to insure the lives of its members upon the plan of paying to the *representatives* of every deceased member a certain sum, to be assessed upon and received from the other members of the association. There is nothing in this to indicate that the society is anything more or less than a mutual life-insurance company on the assessment plan; the insurance payable on the death of the member to "his representatives," whoever may be meant by that term.. This word "representative" means one who represents or stands in the place of another. It has, however, many applications. An executor or administrator is called the representative of a deceased person, because he stands in his place as to personalty; while an heir is sometimes called his representative, because he stands in his place as to realty. While the word may mean almost anything, especially in wills, which the context evidencing the intention of the party demands, yet, primarily, and in the absence of some reason for putting some other meaning upon it to be found in the context, it ordinarily means the executor or administrator. There is nothing in these articles limiting it to the heirs-at-law of a deceased member, much less to members of his family. The word as here used may include heirs, but it certainly does include personal representatives,—that is, administrators and executors; and, if it be construed as limited exclusively to the latter, the result would. be that the money would go to them as general assets of the estate, liable to be exhausted in the payment of debts, and subject to distribution under the statute or will, so that the family of the deceased member might not receive a dollar of it. Such a construction would leave the power of designating the ultimate beneficiaries or recipients of the money practically unlimited. But as there is nothing in the statute or articles and by-laws of the society requiring that the word should be construed, or indicating that it is used, in any such limited or techical sense, or anything indicating that

v.42m—14

the society is anything more or less than a mutual life-insurance company on the assessment plan, we think the word "representative" must be construed as meaning and including any person whom the member may designate, or, if he make no designation, the person whom the by-laws designate, as the one to whom the money shall be paid; hence that the right of designation is unlimited.

Judgment affirmed.