MINNA KOTTMANN, Administratrix, v. DANIEL GAZETT and Others.[1]

October 21, 1896.

Nos. 10,113—(20).

### Life Insurance—Mutual Benefit Association—Interest of Beneficiary —When Vests.

The Minnesota Odd Fellows' Mutual Benefit Association issued to one Gazett a certificate of membership, by which it agreed to pay, within 60 days after notice and satisfactory proofs of his death, to his wife if living, if not living then to his heirs or assigns, a sum equal to one dollar for each full member of the society at the time of his death, etc. He died, leaving his wife surviving him. Six days afterwards, and before proofs of his death had been made to the society, his widow also died. *Held*, that the words "if living" and "if not living" refer to the date of his death, and not to the date when the proofs of his death were furnished or to the date when the money became payable according to the terms of the certificate; that the widow's right as beneficiary became vested at the date of the death of her husband; and that the money belongs to her heirs, and not to the heirs of her husband.

Action in the district court for Hennepin county by Minna Kottmann, as administratrix of the estate of Frieda Gazett, deceased, against Minnesota Odd Fellows' Mutual Benefit Society for the recovery of $2,000, alleged to be due to the intestate upon a certificate of membership in defendant society issued by it to Jacob Gazett. Defendant deposited $2,000 in court, and Daniel Gazett and others, children of Jacob Gazett, were substituted as defendants and answered, demanding payment to them as heirs of said Jacob Gazett. The case was tried before Russell, J., who ordered judgment in favor of plaintiff, and from a judgment entered in pursuance of his order, the substituted defendants appealed.    Affirmed.

*A. B. Jackson* and *G. L. Fort*, for appellants.

*A. Grethen*, for respondent.

MITCHELL, J.    On January 3, 1884, Jacob Gazett became a member of the Minnesota Odd Fellows' Mutual Benefit Society, which issued to him a certificate of membership by which it agreed

"To pay within sixty days after notice and satisfactory proofs of the death of said brother, made as provided by the by-laws, to Mrs.

[1] Reported in 68 N. W. 732.

Frieda Gazett, his wife, if living, if not living, then to the heirs or assigns of the aforesaid brother, a sum equal to the amount of one dollar for each full member of the society at the time of his death, which sum, however, shall not exceed $2,000."

Gazett died November 12, 1894, leaving his wife, Frieda, surviving him. On November 18, 1894, before any proofs of the death of Gazett had been furnished to the society, Frieda, the widow, also died.

The question is: Who are entitled to the money due on the certificate, the heirs of Jacob Gazett or the heirs of his widow, Frieda? The answer to this depends upon the language of the contract contained in the certificate; that is, whether the words "if living" and "if not living" refer to the date of the death of Gazett, or to the date when the money becomes due and payable, to wit, 60 days after proofs of death are made to the society. Counsel for the defendants contend for a middle ground, to wit, that the words refer to the date when the proofs of death are made; but the language of the certificate leaves no room for any such construction. It refers either to the date of the death of the member, or to the date when the money is payable according to the terms of the contract. We have no doubt that the words "if living" and "if not living" refer to the time of the death of the member, and that the right of the beneficiary became fixed and vested at that date.

As is suggested in Union Mut. Assn. v. Montgomery, 70 Mich. 587, 38 N. W. 588, the disposition of the proceeds of membership certificates in these mutual benefit associations partakes of the nature of testamentary dispositions of property, and the same rules of construction should be applied so far as possible. Unless a contrary intention is made to appear, they should be construed as speaking of the date of the death of the donor. The law always favors vested in preference to contingent estates or interests.

If defendants' contention is correct, then who is or will be the beneficiary will remain incapable of ascertainment until 60 days after proof of death, or, at least, until proof of death. Until that proof is made, no one would have any vested interest in the fund. Who, then, it may be asked, is to furnish the proof of death? The provision requiring proofs of death is designed solely for the protection of the society, and the 60-day clause is also intended exclusively for

its benefit, to give it time to collect an assessment from its members. Neither provision has any reference to the question as to who the beneficiary shall be. These provisions being solely for the benefit of the society, it is competent for it to waive them. Suppose in this case the society had waived proofs of death, and paid over the money to the widow before she died; would it be contended that the society would be liable to pay a second time to the heirs of Gazett? We fail to see why it would not be, if defendants' construction of the certificate is to obtain. Any such construction is also subject to the serious objection that it leaves the determination of the question who the beneficiary shall be subject to be manipulated and changed by the conduct of the parties after the death of the member, as, for example, by expediting or delaying the furnishing of proofs of death.

We hold that the widow's right to the fund became vested at the date of the death of her husband, and that right was not divested by her subsequent death before proofs of death had been made.

Judgment affirmed.