ANDREW J. FINNEGAN v. FANNIE S. JANEWAY and Another.[1]

February 7, 1902.

Nos. 12,649—(204).

**Mortgage of Property for Debt of Another—Principal and Surety.**

When property is mortgaged by an owner to answer for the debt of another, such property occupies the position of a surety, and anything which would discharge an individual surety personally liable will, under similar circumstances, discharge the property.

**Mortgage Released as Surety Is Released.**

A mortgage given by a third party as collateral security for a judgment under an agreement that the judgment creditor shall collect it from certain property subject thereto, will be discharged, and all foreclosure proceedings thereunder rendered void, if the judgment creditor satisfies the judgment and releases the property without collecting the debt.

Action in the district court for Stearns county to cancel and set aside a real-estate mortgage and the assignment and foreclosure thereof. Defendant Helen T. Leonard alone appeared and answered. The case was tried before Searle, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant Leonard appealed. Affirmed.

*Edwin S. Slater*, for appellant.

*Andrew J. Finnegan* and *Taylor & Jenks*, for respondent.

LEWIS, J.

In 1887 one Brynes and wife executed to defendant Janeway two certain mortgage deeds to secure the payment of promissory notes. On August 2, 1893, Janeway recovered judgment against Brynes and wife upon the promissory notes for the sum of $3,026.52, after which the mortgage was foreclosed, and on September 28, 1893, the premises were sold to Janeway for the sum of $2,552.50, and the proceeds of the sale, less expenses, were applied upon the judgment, leaving a balance of $698.36. On November 11, 1893, plaintiff executed to Janeway, as collateral security for the balance due

[1] Reported in 89 N. W. 4.

upon the judgment, a mortgage upon certain property in Stearns county, Minnesota, for which there was no consideration except that it was executed for the accommodation of Brynes, under the agreement that Janeway should collect the balance due upon her judgment out of a certain lot situated in Minneapolis, which at that time was of the value of at least $1,800, and upon which the judgment was then a first lien.

On December 20, 1893, Janeway assigned and transferred the judgment, together with the mortgage which had been executed by plaintiff, to defendant Leonard, who took the same knowing that the mortgage was taken as collateral security only. Leonard then proceeded to foreclose the mortgage, and on October 31, 1895, purchased the premises at the foreclosure sale. Respondent, the mortgagor, never had any knowledge or notice that the mortgage was foreclosed and the property sold, or that the debt had not been collected by sale of the Minneapolis lot, until about two weeks prior to the commencement of this action. On May 14, 1900, Leonard satisfied and discharged the judgment against Brynes, and released the lien thereof on the property in Minneapolis. This action was brought by plaintiff, the mortgagor, to cancel and annul the mortgage and the foreclosure proceedings. Defendant Leonard answered the complaint, admitted the execution of the mortgage, and claimed title to the premises covered thereby under the foreclosure proceedings. The court found the facts as above stated, and ordered judgment for plaintiff, from which judgment defendant Leonard appealed.

The only question before the court is, was the conclusion of law justified by the findings of fact? Appellant relies upon four legal propositions to defeat the judgment, only three of which we deem it necessary to mention: (1) That there is no finding of fact that plaintiff had any interest in the land in controversy; (2) that there is no finding of the court that the mortgage was without consideration; (3) that Leonard's satisfaction of the judgment against Brynes did not nullify the mortgage and its foreclosure.

As to the first point: While there is not a direct finding that respondent was the owner of the land, it was alleged in the com-

85 M.—25

plaint that he was the owner, the answer admits it, and appellant Leonard bases her complaint upon such ownership. The contro-versy before the court was not whether Finnegan was owner of the property at the time he executed the mortgage, but whether appellant Leonard acquired any rights thereto by virtue of the mortgage and its foreclosure. Appellant cannot be heard to question the validity of the title in respondent when her own title was derived from the same source.

As to the second and third propositions: It is true that the court does not find the mortgage was executed without consideration, but it expressly finds that the purpose of its execution was that Janeway should hold it as collateral security to the judgment debt. Such contract was valid, and respondent was entitled to have it enforced. If satisfying the judgment and releasing the property from the lien without collecting the debt to the extent of the value of the lot was contrary to the contract between the parties, then respondent was immediately released from his obligation under the mortgage when the judgment was satisfied, and appellant acquired no rights by foreclosure.

It is well settled that when a third person pledges his property as security for the payment of a debt or obligation to another, that property will stand in the position of a surety of the debtor, and any change in the contract of suretyship which would discharge a surety will release and discharge the property so held as collateral. This rule also applies to mortgages and pledges made by one person to secure the debt of another. Siebert v. Quesnel, 65 Minn. 107, 67 N. W. 803; Allis v. Ware, 28 Minn. 166, 9 N. W. 666; Price v. Dime, 124 Ill. 317, 15 N. E. 754; Christner v. Brown, 16 Iowa, 130; Barnes v. Mott, 64 N. Y. 397; Moses v. Home, 100 Ala. 465, 14 South. 412; Rowan v. Sharps, 33 Conn. 1.

Judgment affirmed.