MONROE E. WALLACE v. MUTUAL BENEFIT LIFE INSURANCE COM-
PANY and Others.[1]

January 5, 1906.

Nos. 14,493—(114).

### Life Insurance—Vested Interest of Wife—Divorce.

A. effected a "twenty-year endowment" policy of insurance upon his
life, payable in the event of his death within twenty years to B., his wife,
but, if he lived, to himself at the end of twenty years. If B. died before
the death of A., within the twenty years, the policy was payable to the
personal representatives of A. During the pendency of divorce proceed-
ings the parties signed a contract by which A. agreed that, if a divorce
was granted to B., the court might award her certain specified property
as alimony, and B. agreed to relinquish to the defendant all claim to any
of defendant's property arising out of the relation of husband and wife.

The divorce was granted, and in an action by A. to compel B. to relin-
quish her interest in the insurance policy, *held*:

(a) That B. acquired a vested interest in the policy, which was not
divested by the decree of divorce.

(b) That her interest in the policy is her separate property, and not
affected by the contract.

Action in the district court for Hennepin county to determine the
adverse interest of plaintiff's divorced wife, defendant Emma G. Wal-
lace, in a life insurance policy issued by defendant insurance company
to plaintiff, and to recover from defendant company the cash surrender
value of the policy. The opinion states the facts. The case was tried
before John Day Smith, J., who found in favor of defendant Emma
G. Wallace. From an order denying a motion for a new trial, plaintiff
appealed. Affirmed.

*R. L. Penney,* for appellant.

*John R. Van Derlip,* for respondent Mutual Benefit Life Insurance
Company.

*Hall & Kolliner,* for respondent Emma G. Wallace.

[1] Reported in 106 N. W. 84.

ELLIOTT, J.

Appeal by plaintiff from an order denying a motion for new trial. The appellant and respondent were married November 26, 1891, and continued to be husband and wife until June 18, 1904. On December 29, 1891, the Mutual Benefit Life Insurance Company issued and delivered to the appellant, Monroe E. Wallace, a "twenty-year endowment" policy of insurance on his life for the sum of $3,000. By the terms of this policy the amount of the insurance was to be paid to Monroe E. Wallace if he paid the premiums and lived until December 10, 1911. If he died before the expiration of the twenty years, the amount was to be paid to his wife, Emma G. Wallace, if then living. If she died before the insured and before the expiration of the twenty years, the money was to be paid to the personal representatives of the insured. The premiums were paid by the insured and the policy is still in force.

In the spring of 1904 Emma G. Wallace commenced an action for divorce from her husband, and a decree dissolving the bonds of matrimony between the parties was duly entered on June 18, 1904. Prior to the granting of the divorce the parties to the action entered into a certain written contract by which they assumed to dispose of their property relations. This contract recites that

> Whereas, an action for divorce is pending in said court between said parties, said action being based upon the ground of desertion by defendant of plaintiff, and said parties are desirous of agreeing upon the amount of permanent alimony which said court may award to plaintiff, if, from the facts proven in said cause, said court finds that plaintiff has grounds for divorce in said action.

After determining the amount of money and the particular real estate which the defendant should convey to his wife, the contract continues:

> And upon the conveyance of said real estate by defendant to plaintiff, the payment of said moneys, and the execution and delivery of said notes, the same shall be in full of all and singular plaintiff's permanent alimony herein, and in full for all defendant's obligations to plaintiff from any and every cause arising; and upon the full performance by defendant of his part of this

agreement, plaintiff will and does hereby fully and forever release, exonerate, and relinquish to defendant and his heirs and assigns any and all claims, demands, rights, and interest whatsoever which she now has or ever has had in and to any of defendant's property, estate, rights, and credits, arising from the relation of husband and wife heretofore existing between said parties, and that plaintiff will, when requested to do so, sign any deed, satisfaction of mortgage, or other paper writing whatsoever releasing and relinquishing her rights to or interest in any property or asset of defendant in any manner now existing.

The divorce was granted, and the decree provided for the payment of alimony to the wife in accordance with the terms of this stipulation between the parties. It does not appear whether the contract was before the court, or whether, as is common in such cases, the court merely accepted the suggestion of the parties that such a distribution of the property would be satisfactory. It is apparent, however, that the court made no effort to enforce the provisions of the contract.

The present action was brought by the defendant in the divorce suit for the purpose of obtaining a decree directing his former wife, Emma G. Wallace, to sign the proper papers releasing to the plaintiff her interest in the insurance policy in question. The trial court found in favor of the defendant, and placed its decision upon two grounds: (1) That the contract in question is void, and (2) that, even if the contract is valid, the interest in the policy in question is not within the purview of the contract and not within the contemplation of the parties. It is not necessary to determine the validity of this contract, as we agree with the trial court that the interest of the wife in the insurance policy is not within the purview of the contract, even if it is valid.

As soon as the policy was issued Mrs. Wallace acquired a vested interest therein, of which she could not be deprived without her consent, except under the terms of the contract with the insurance company. No right to change the beneficiary was reserved. Her interest in the policy was her individual property, subject to be divested only by her death, the lapse of time, or by the failure of the insured to pay the premiums. She could keep the policy alive by paying the premiums,

if the insured did not do so. It was contingent upon these events, but it was free from the control of her husband. He had no interest in her property in this policy, contingent or otherwise. Her interest was free from any claim on the part of the insured or his creditors. He could deprive her of her interest absolutely in but one way, by living more than twenty years. We are unable to see how the plaintiff's interest in the policy was primary or superior to that of the husband. Both interests were contingent, but they were entirely separate and distinct, the one from the other. The wife's interest was not affected by the decree of court which dissolved the marriage contract between the parties. It remains her separate property, after the divorce as before. The decree made no disposition of her property. It merely awarded her a portion of what belonged to her husband and in which she then had an inchoate interest. She was awarded alimony out of the estate of her husband.

By the contract the wife agreed to relinquish her interest in "all claims, demands, rights, and interest whatsoever which she now has or ever has had in and to any of defendant's property * * * arising from the relation of husband and wife," and agreed to sign all papers necessary to effect this result. This language refers to his property, not to her property. She does not thereby agree to release to him any interest in any property which she owns in her own right. The contract no more refers to her interest in this insurance policy than, for illustration, to her interest in any government bonds registered in her name which her husband may during the period of coverture have presented to her. Neither could it properly be said to arise out of the relation of husband and wife. The fact that she was his wife at the time the policy was issued may have been, and undoubtedly was, the reason why she was named as beneficiary in the event of his death. But her property interest in the policy after it was issued did not in any reasonable sense arise out of the marriage relation.

The order appealed from is therefore affirmed.

LEWIS, J. (concurring).

Undoubtedly, the stipulation was the basis of the division of property adopted in the decree. If so, respondent cannot take advantage of its terms, receive the property, and then claim the agreement was

void. While not very clear about it, I concur in the decision as to the legal effect of the stipulation. If it was the intention of the parties to cover the insurance policy by the reference to matters growing out of the marriage relation, the language was not happily chosen, and the remedy, if any, is to have the decree amended accordingly in the original action.