JOSEPH L. BIRGE and Others v. CHARLES E. FRANKLIN and Another.[1]

March 6, 1908.

Nos. 15,513—(230).

**Insurance Policy—Beneficiary.**

An old-line life insurance policy contained a provision that the amount of the insurance should be payable to the heirs at law of the insured (the husband) in case he should outlive the beneficiary (the wife). *Held,* upon the death of the beneficiary the interest in the policy as such passed to her son, and upon his death to the heirs at law of the insured.

Action in the district court for Olmsted county to recover $1,010.-10 upon a life insurance policy, in which action defendant Franklin and his wife were substituted in place of Northwestern Mutual Life Insurance Company upon payment by it of the amount of the policy. The case was tried upon stipulated facts before Snow, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*Burt W. Eaton,* for appellants.
*Callaghan & Granger,* for respondents.

LEWIS, J.

In 1865, an old-line life insurance policy of $1,000 was taken out in the Northwestern Mutual Life Insurance Company, upon the application of Martha A. Birge, on the life of her husband, Benjamin Birge. The policy contained the following provision, after stating the consideration: "* * * Do assure the life of Benjamin Birge,

[1] Reported in 115 N. W. 278.

of Eyota, in the county of Olmsted, state of Minnesota, for the sole use of the said Martha A. Birge, in the amount of one thousand dollars, for the term of his natural life. And the said company do hereby promise and agree to pay the said sum assured, * * * and in case of the death of the said assured [Martha A. Birge] before the death of the said person whose life is assured [Benjamin Birge], the amount of the said insurance shall be payable to the heirs at law of the said Benjamin Birge." At the time the policy was issued Mr. and Mrs. Birge had a son, Edgar L. Birge, who was then about eight years old. Mrs. Birge died January 7, 1875, and the son died December 10, 1875. There were no other children. On February 26, 1897, Benjamin Birge made an assignment of the policy to Charles E. Franklin, appellant, and on December 24, 1898, Benjamin Birge died. At the time of his death he had no wife or children, and respondents, his brothers and sisters, were his only heirs. This action was brought for the purpose of determining who was entitled thereto, and the amount of the insurance was paid into court. The court found that the policy was payable to the heirs. It is well settled that the rights of the beneficiary in an insurance policy become vested immediately upon its being issued, so that no persons other than those designated in it can assign or surrender, and in such assignment or surrender all persons must concur, or the interest of those not concurring is not affected. Ricker v. Charter Oak Life Ins. Co., 27 Minn. 193, 6 N. W. 771, 28 Am. 289; Allis v. Ware, 28 Minn. 166, 9 N. W. 666; Wallace v. Mutual Benefit Life Ins. Co., 97 Minn. 27, 106 N. W. 84, 3 L. R. A. (N. S.) 478; Bliss, Life Ins. (2d Ed.) §§ 317–337.

The question presented calls for a construction of this language: "The amount of the said insurance shall be payable to the heirs at law of the said Benjamin Birge." As expressed by the trial court: The position of appellant is that "heirs at law of the said Benjamin Birge means the heirs presumptive or apparent at the time of the mother's death, rather than the actual heirs at law of Benjamin at the time of Benjamin's death." Unless there is something contained in the policy which expresses a contrary intent, then "heirs at law of Benjamin Birge" must be taken, in the ordinary legal sense, to refer to the time of his death. Kottmann v. Gazett, 66 Minn. 88, 68 N. W. 732; Alexander v. Northwestern, 126 Ill. 558, 18 N. E. 556, 2 L. R.

A. 161; Whall v. Converse, 146 Mass. 345, 15 N. E. 660. According to this rule of law, the policy became payable to the son at the time of the death of Mrs. Birge. The interest did not pass to him as heir presumptive of Mrs. Birge, but as the heir presumptive of the insured, Benjamin Birge. The policy would have been payable to the son, had he been living at the time of the father's death; and when the son died it became payable to the heirs at law at that time, viz., the brothers and sisters. Such is the express language of the policy. The interest in the policy upon the death of the son became vested in those heirs to the same extent that it originally became vested in the wife, and later in the son. A careful examination of the language of the policy fails to disclose anything to indicate any other intention than that conveyed by the express language referred to. The decisions relied upon by appellant were based upon an entirely different state of facts. For instance, in Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464, the policy was made payable to the legal representatives of the insured, and the question turned upon what was meant by legal representatives. In re Anderson's Estate, 85 Pa. St. 202, the policy was made payable to the wife, her executors, administrators, or assigns. See, also, Ricker v. Charter Oak Life Ins. Co. and Allis v. Ware, supra. The conclusion is unavoidable that, although the interest in the policy vested in the son after the death of his mother, it was not such an interest as passed to his father upon the son's death, and consequently the assignment which the father attempted to make to appellant was void.

Affirmed.