## CLARK v. MUTUAL LIFE INS. CO. OF NEW YORK.
### No. 6477.

Circuit Court of Appeals, Ninth Circuit.
Feb. 8, 1932.

Rehearing Denied March 7, 1932.

Matthew A. McCullough, of San Francisco, Cal., for appellant.

F. Eldred Boland and Samuel Knight, both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and McCORMICK, District Judge.

WILBUR, Circuit Judge.

This action was brought by appellant as beneficiary under a policy of life insurance issued by the Mutual Life Insurance Company of New York to appellant's deceased husband, William D. Clark. The only question in the case is whether or not the balance of the insurance, after deducting the amount of the loan to the insured, should be paid in a lump sum or whether the beneficiary should be paid in annual installments during her life.

The policy was issued October 31, 1903, and provided for the payment of annual premiums for 20 years, the policy to become paid up upon the making of the 20 payments. At that time, according to the terms of the policy, it had a cash surrender value of $5,650 and a loan value of an equal amount. The insured took advantage of the loan feature of the policy, and on December 7, 1923, after having made his final payment thereon, borrowed the full cash surrender value of the policy. Apparently he paid the interest on this note until his death, which occurred on the 25th day of September, 1929. The insurance company, appellee herein, takes the position that its obligation under the policy was to pay to the beneficiary the sum of $158.60 annually for the term of 20 years, and that, if appellant survived that period, she should thereafter receive $540.80 annually during her lifetime. In that regard appellant's complaint contained the following allegation in paragraph 8: " * * * That there is due and payable to plaintiff as beneficiary under said policy of insurance from the defendant, the sum of Ten Thousand Eight Hundred Sixteen 00/100 Dollars, less the net indebtedness on said loan of $5,622.13, and no part of said sum has been paid by the defendant to the plaintiff, and said defendant has refused to pay to the plaintiff the said balance due on said policy to the plaintiff as such beneficiary thereunder; that said defendant has offered in lieu thereof, to issue to plaintiff an annuity contract under the terms of which the defendant is obligated to pay to the plaintiff the sum of One Hundred Fifty-eight 60/100 Dollars ($158.60) annually for the term of twenty years, and thereafter the sum of Five Hundred Forty 80/100 Dollars ($540.80) annually during the lifetime of the beneficiary, which said offer is fraudulent and contrary to the express terms of the said policy of insurance and loan contract aforesaid; that the original policy of insurance and loan contract are in the possession of the defendant herein and the copies attached hereto and marked Exhibits 'A' and 'B' are photostatic copies made from copies furnished by said defendant."

And the appellee's answer is as follows:

"Admits the allegations of Section 8, except that defendant denies there was ever at any time due or payable to plaintiff any sum in excess of $158.60 annually for twenty years if plaintiff should survive so long, and if not, then to the executors or administrators of the said William D. Clark for the remainder of the twenty years, and if plaintiff as beneficiary should survive the period of twenty years, then the sum of $540.80 annually during the lifetime of the plaintiff as beneficiary, unless said William D. Clark or plaintiff should have paid to defendant the sum of $5,622.13, in which event there would have been payable to plaintiff the sum of $540.80 annually so long as plaintiff should survive, and if plaintiff should not survive twenty years, then to the executors or administrators of the said William D. Clark for the remainder of the twenty years after death of the plaintiff.

"Defendant denies that the offer to make payment as aforesaid was or is fraudulent and/or contrary to the express, or any terms, of said policy of insurance, Exhibit 'A' to the complaint herein, and supplementary agreement, Exhibit 'B' to the complaint herein.

"IX. Defendant, in computing the premium to be paid by the insured upon said policy, took into consideration the fact that the proceeds thereof would be paid over a period of years in annual installments. If the amount of the policy were to be paid immediately upon the death of the insured, William D. Clark, and not in annual installments as an annuity to plaintiff as beneficiary, then in that event the premium thereon would have been much higher than that stipulated therein."

Appellee's contention was sustained by the trial court, and judgment was rendered in favor of the insurance company that the appellant take nothing on her alleged cause of action.

The policy, after providing for 20 annual payments of $500 each, contains a provision with reference to loans by the company to the insured. It agrees to make loans at 5 per cent. per annum of the amounts not in excess of the cash surrender value of the policy, as stated in the policy. This amount at the time the company made its loan upon the policy in suit was $5,650, as hereinbefore stated.

It is provided "that in any settlement of this policy all outstanding indebtedness must be paid." It is claimed that this clause, in connection with the terms of the note given by the insured and the beneficiary at the time of the loan in question, altered the original contract so that it became the duty of the company at the time of the death to deduct the amount of the loan and unpaid interest thereon from the sum of $10,000 and pay the balance in cash. This contention is based upon the following clause in the note: "In the event of the death of the insured before the maturity or repayment of this loan, and while said policy is in force, the amount of this loan, with interest adjusted to the date notice of death is received by the company at its home office, shall be deducted from the amount payable on the policy, the balance being payable to the person or persons entitled thereto."

It is claimed that, inasmuch as the only way in which the $5,650 could be deducted from the amount payable on the policy would be to treat the entire $10,000 as due at the time of the death, therefore the supplemental agreement of the parties in the note amounted to an agreement that the entire $10,000 less the amount due on the note should be paid the beneficiary at the time of death. There is nothing in this point. Such construction would be to allow a mere incident to control the general purpose of the parties and the nature of their contract of insurance. The note given was general in its terms, and undoubtedly was intended to be utilized in connection with policies, regardless of whether or not the policy was one for the payment of an annuity or for a lump sum. The note is in a general form, and at the top thereof is a statement for the information of the company's agents as follows: "This form must be used for loans on all policies dated prior to January 1, 1907, which contain a loan clause and table of values excepting any such policies which shall have become paid-up prior to the completion of the premium payments."

The purpose of the insured was to secure an annuity in favor of his wife for the remainder of her life. The agreement of the company to pay the $10,000 in 20 equal annual installments was to continue, regardless of whether or not the wife lived during the entire period, but, if she lived more than 20 years longer than her husband, the payments were to continue during her lifetime. In the case of a policy loan, the beneficiary would have the option to pay the loan to the company and accept the full benefit of the policy in accordance with its terms or to require the company to satisfy their indebtedness from the amount due to her. It would obviously defeat the entire purpose of the contract on the part of both the insurance company and the insured to suspend all payments to the beneficiary until the note was completely paid.

The value of the policy at the time it matured was the present worth of the payments therein agreed to be made. The value of the obligation of the company to the beneficiary at the time of death would be ascertained by determining the present worth of the payments therein agreed to be made and by deducting from this present worth the amount due to the company from the beneficiary, so that, if we accepted the theory of the appellant it is obvious that the amount payable could not exceed the difference between the present worth of the policy at the time of the death of the decedent and the amount of the loan. The agreement, however, was to pay an annuity and not a fixed sum at the time of death. The amount thus payable has been estimated by the company, as hereinbefore stated, to be $158.60 for 20 years, with a contingent amount of $540.80 annually to the beneficiary, in the event she lives for a longer period than that. The exact value of the policy at the time of death would depend entirely upon the interest rate at which the present value was computed and the question of whether or not that interest was compounded. No question is raised by the appellant as to the correctness of the method used by the company in determining the annual amount payable. We will therefore assume without further discussion that the the amont fixed in the answer is the correct amount. It should perhaps be noted that exhibits in the case which are not made a formal part of the record indicate that the company used the interest rate of 3½ per cent. compounded annually. It should also be stated that the annual installment of $540.80 instead of $500 was arrived at by reason of the fact that the insured, in obtaining the policy, represented the beneficiary as being ten years younger than she actually is, and because of such representation paid a greater premium than would otherwise have been necessary, and, under the rules of the company, the amount of premium actually paid would purchase the larger annuity of $540.80.

Under the admissions of the pleadings, and under the contract of insurance, the appellant was entitled to the first annual installment of $158.60. It is not clear from

the record, nor was it made clear on the argument, why the trial court failed to give judgment for the first annual installment due under the terms of the policy and under the admissions of the company. It appears from the allegations of the answer that the company tendered the annuity contract. There is no allegation of tender of the first installment of the annuity.

Judgment should have been rendered for the plaintiff on the pleadings for the sum of $158.60. The judgment is reversed and the cause remanded, with instruction to enter judgment in favor of plaintiff for that amount. The annuity contract which was tendered by the company to the appellant appears to have been deposited with the clerk of the District Court, and has been forwarded to this court. This policy belongs to and should be turned over to the plaintiff by an order of the court; costs on appeal and in the lower court to be awarded to the appellant.