ETHEL M. WILSON AND ANOTHER v. TRAVELERS
INSURANCE COMPANY AND ANOTHER.[1]

March 5, 1943.

No. 33,308.

*Thomas J. Spence,* for appellant.

*Orr, Stark & Kidder,* for respondents.

[1]Reported in 8 N. W. (2d) 236.

HENRY M. GALLAGHER, CHIEF JUSTICE.

This is a suit to recover the commuted value of a life insurance policy in which plaintiffs were named as payees in a "Change of Beneficiary Form." Defendant insurance company appeals from an order denying its motion for a new trial after findings and conclusions in favor of plaintiffs. The administrator of the insured's estate has not appealed.

On August 1, 1892, defendant issued and delivered to Furman Mason Fargo a policy of life insurance on what is described as an "Ordinary Life 20-year Annuity" plan. The provisions of the policy here material read:

"Travelers Insurance Company of Hartford, Conn. * * * HEREBY INSURES Furman Mason Fargo of St. Paul, County of Ramsey, State of Minnesota in the sum of Ten Thousand Dollars.

"The said sum insured, less any indebtedness of the Insured or Beneficiary to this Company, to be paid at the Home Office of this Company, to Kate S. Fargo, Wife, in the manner following: that is to say, Five Hundred Dollars upon the acceptance of satisfactory proof of the death of the Insured during the continuance of this Policy, and Five Hundred Dollars upon every anniversary thereof, until Twenty annual payments of Five Hundred Dollars each, or Ten Thousand Dollars in all, shall have been made to said Beneficiary.

"It is Understood and Agreed that if the above-named Beneficiary shall die before the first payment becomes due hereunder, then the entire interest in this Policy shall inure to the Insured or his legal representatives, who shall have the option at his death of commuting the then present value of all future installments to become due hereunder, into a cash payment to be determined by this Company's tables. It is also Agreed that a like option of commutation shall extend to the legal representatives of the Beneficiary in the event that said Beneficiary shall die after the Insured, and before receiving all the installments aforesaid. It being further understood and agreed, that the Insured shall have an

option to surrender this Policy for Paid-up Insurance or other value at any time, payable as interest may appear."

Kate S. Fargo, named in the policy as beneficiary, died on February 11, 1924, during the lifetime of her husband. On March 4, 1924, the insured designated "Olga E. Schmidt, my fiancee," as payee. On August 5, 1924, he changed the payee to "Olga Schmidt Fargo, my wife." On October 30, 1926, Olga Schmidt Fargo, having died, he named "Ethel M. Wilson, My Daughter, and Arthur C. Wilson, Son-in-law, equally or all to the survivor—" payees. On May 22, 1930, he changed the payees to "Ethel M. Wilson, My Daughter, and Wilson D. Fargo, My Son—in equal shares or to the survivor." On March 10, 1933, he again changed the payees to "Ethel M. Wilson and Arthur C. Wilson daughter and Son in law in equal shares & to the survivor of them." The change of payees here involved was made on a "Change of Beneficiary Form" furnished by the company, consented to by it in writing, and containing the following provisions:

"Revoking hereby any previous designation which may be inconsistent herewith, I direct that the insurance under Contract No. 69653 issued by The Travelers Insurance Company, Hartford, Connecticut, upon my life, be paid, in the event of my death (subject to the provisions of said Contract and in accordance with the terms thereof), to

"Ethel M. Wilson and Arthur C. Wilson daughter and Son in law in equal shares & to the survivor of them

\* \* \* \* \*

"PROVIDED, HOWEVER, that if the death of both said nominees shall occur prior to mine, the sum which such deceased would otherwise have taken shall go to my executors, administrators, or assigns, and provided further that the beneficial interest hereby created is also subject to the right on my part to borrow upon the contract at any time and from time to time without the consent of the beneficiary thereunder, anything in such contract to the contrary notwithstanding.

"And the right is reserved to revoke this designation, and, subject to the consent of the Company, to nominate a new beneficiary."

The other changes were made on forms containing provisions similar to those quoted, except that the first form, designating "Olga E. Schmidt, my fiancee," as payee, did not provide that the beneficial interest of the payee was subject to the insured's right to borrow upon the policy.

At his death on October 15, 1940, insured owed the company $2,500 on a policy loan and an unpaid premium of $83.63. The commuted value of the policy at that time was $4,212.87. He left a last will and testament which was duly admitted to probate in Ramsey county and which contained the following provision:

"It is my will and desire, that out of such funds as may [be] received as beneficiaries under my life insurance policies, by my said daughter and son in law, the sum of Five hundred dollars to be held in trust for payment at their discretion to my grandson Wilson Furman Fargo, preferably for education purposes or his personal needs."

Defendant does not dispute the right of plaintiffs to the proceeds of the policy, but contends that under its terms and the terms of the "Change of Beneficiary Form" naming them as payees they are not entitled to the commuted value of the policy in a lump sum but are subject to the same mode of payment applicable to Kate S. Fargo, the original beneficiary, had she survived the insured; that is, they must accept payment in 20 annual installments. In support of its contention defendant relies upon a provision of the "Change of Beneficiary Form" that such designation is made "subject to the provisions of said Contract and in accordance with the terms thereof." These words, defendant argues, show a clear intent to subject plaintiffs to the conditions as to mode of payment applicable to the original beneficiary. It denies that there is any ambiguity permitting a construction of the contract other than that contended for by it and rests upon the rule that the terms of a contract of insurance must be maintained where there

is no ambiguity in its provisions, citing Bader v. New Amsterdam Cas. Co. 102 Minn. 186, 112 N. W. 1065; Opten v. Prudential Ins. Co. 194 Minn. 580, 261 N. W. 197, and other cases. That is conceded to be the general rule, but plaintiffs contend that the policy grants them the right to recover its commuted value for the reasons (1) that they are the "legal representatives" of decedent; and (2) if they are not deemed to be his legal representatives, that the policy provision governing payment to subsequent beneficiaries is so ambiguous as to require construction and that the trial court properly construed it to mean that they were entitled to the commuted value.

Although the phrase "legal representatives" has been construed to include all persons "who by operation of law stand in the place of, and represent the interests, of another" (Alford v. Consolidated F. & M. Ins. Co. 88 Minn. 478, 480, 93 N. W. 518), and even any person designated by the member of a mutual benefit society (Walter v. Hensel, 42 Minn. 204, 210, 44 N. W. 57), we prefer, as did the trial court, to treat these plaintiffs as beneficiaries. As indicated by the trial judge in his memorandum, they are designated as beneficiaries in the very instrument which breathes life into their claim (Change of Beneficiary Form, dated March 10, 1933) and are referred to as such in the insured's last will and testament.

The question then arises whether plaintiffs as subsequent beneficiaries can recover the commuted value of the policy in the present action or whether they are bound by the mode of payment prescribed in the policy for the original beneficiary, Kate S. Fargo. It is conceded that the policy was irrevocable as to her. Wallace v. Mutual Benefit L. Ins. Co. 97 Minn. 27, 106 N. W. 84, 3 L.R.A.(N.S.) 478; Birge v. Franklin, 103 Minn. 482, 115 N. W. 278. When she predeceased the insured the beneficial interest in the policy inured to him. Had he died before designating another beneficiary, the proceeds would have been payable to his legal representatives, who would have had the option of requiring payment of the policy's commuted value in a lump sum. What effect, then, did the desig-

nation of other beneficiaries have upon the policy? The contract itself contained no right to change beneficiaries. The consent of the company to the designation constituted a modification of the original contract. This modification gave the insured the right and power to revoke the designation and, "subject to the consent of the Company, to nominate a new beneficiary." The terms of the original contract were further changed in the provision that if the beneficiary died before the first payment became due the entire interest was to inure to the insured or his legal representatives. Under the original policy, the first payment did not become due until "the acceptance of satisfactory proof of the death of the Insured." The Change of Beneficiary Form provided no mode of payment to the "executors, administrators or assigns." All changes subsequent to the first made the beneficial interest of the payee subject to the right of the insured to borrow upon the contract to the full extent of its value, a right not contained in the original contract. All these variations from the original contract are contained in the endorsement upon which plaintiffs base their claim.

It is clear that the payees named after the death of the original beneficiary had no irrevocable rights in the policy. Their beneficial interest was subject to revocation at any time by the insured with the company's consent; and he could at any time reduce the amount of their beneficial interest by policy loans. Whatever rights or interest in the policy the named payees got at the time of their designation arose out of the insured's beneficial ownership in the policy. How, then, can it be said that the installment provisions limiting the mode of payment to the original beneficiary likewise limit these beneficiaries' right to payment? We believe, as did the trial court, that upon her death the installment provisions regulating payment to her no longer remained a part of the contract. Clark v. Mutual L. Ins. Co. (9 Cir.) 56 F. (2d) 87, cited by defendant, is readily distinguishable from the case at bar. The policy there provided only for annuity payments, and there were

no provisions whatever allowing commutation in favor of either the beneficiary or the insured's executors or administrators.

By consenting to each change designated thereafter by the insured, the company in effect entered into a new contract. Installment payment was in no case a part of the new contract. The words "subject to the provisions of said Contract and in accordance with the terms thereof," contained in each endorsement, can have reference only to the provisions of the contract left intact by the parties and not to the changes occasioned by the death of Kate S. Fargo and the subsequent endorsements. At her death, the installment provision of the policy terminated. The payees thereafter named take through the insured and in the same manner as his legal representatives. They have the right to recover the commuted value of the policy in this action.

Order affirmed.

PETERSON, JUSTICE (dissenting).

At the outset we ought to bear in mind that the beneficiary named in the policy had no right of commutation. The policy is explicit that the right of commutation shall be allowed only to the insured's legal representatives at his death or to the beneficiary's legal representatives after both the insured's death and the beneficiary's, but before payment of all the installments. The legal representatives of the insured and of the beneficiary could not have such a right at the same time. Here, because beneficiaries were named, the right of commutation could be exercised, if at all, only by their legal representatives after their deaths as well as the death of the insured. The beneficiaries themselves had no right of commutation.

The insurer's obligation under the policy was to pay the proceeds of the insurance to the beneficiary named therein in 20 annual installments. The case of Clark v. Mutual L. Ins. Co. (9 Cir.) 56 F. (2d) 87, makes it clear that where the proceeds of the insurance are payable in installments at the death of the insured to the beneficiary named in the policy there is no right of commutation. The question in that case was whether or not the balance

of the insurance, after deducting the amount of a loan to the insured, should be paid in a lump sum or whether the beneficiary should be paid the installments less an amount equal to the loan. The court held (56 F. [2d] 89): "The purpose of the insured was to secure an annuity in favor of his wife for the remainder of her life," and that to pay the proceeds of the insurance in a lump sum would defeat the purpose of the contract on the part of both the insured and the insurer.

Equally important is it to dispel any notion that, because one of the beneficiaries named was the daughter, and consequently an heir of the insured, the beneficiaries had any right to the proceeds of the insurance as the insured's legal representatives or that such relationship has any bearing on their rights at all. Where the person named as beneficiary is one who is entitled to take from the insured by inheritance, his right to the proceeds of the insurance upon the insured's death are contractual under the policy and not derivative by devolution. Mund v. Rehaume, 51 Colo. 129, 117 P. 159, Ann. Cas. 1913A, 1243; In re Killien's Estate, 178 Wash. 335, 35 P. (2d) 11. In Wallace v. United Order of Golden Cross, 118 Me. 184, 188, 106 A. 713, 714, the court said: "she [the beneficiary named in the policy] takes the insurance money, if at all, directly by the terms of the contract and not derivatively, as in the capacity of heir or legal representative of the member."

Upon Kate Fargo's death the entire interest in the policy, according to its language, inured to the insured. As the sole owner of all interest in the policy, he had the right to surrender the policy for its cash value, to transmit his interest therein either by a testate or intestate disposition, or to name a new beneficiary to take under the policy. The insured elected to keep the policy and to name plaintiffs as the beneficiaries.

By appointing plaintiffs as beneficiaries and directing the company to pay the insurance to them as beneficiaries subject to the provisions of the policy and in accordance with its terms, the insured, with the consent of the company, simply substituted plaintiffs as beneficiaries in place of Kate. No change was made in the

terms of the policy by the change of beneficiaries. Designating a beneficiary is an exercise of the power to appoint and amounts to nothing more than appointing a person to receive the proceeds of the insurance. Mutual Benefit L. Ins. Co. v. Swett (6 Cir.) 222 F. 200, Ann. Cas. 1917B, 298; Ehlerman v. Bankers Life Co. 199 Iowa 417, 200 N. W. 408. See Vance, Insurance (2 ed.) pp. 566-568. The appointment of a beneficiary vests in him the rights of a beneficiary as defined in the policy, Goldman v. Moses, 287 Mass. 393, 191 N. E. 873; it involves no disposition of the insurance policy, Crowell v. N. W. Nat. L. Ins. Co. 140 Iowa 258, 118 N. W. 412.

Since plaintiffs were named as beneficiaries to receive the proceeds of the insurance subject to the provisions of the policy and in accordance with its terms, the insurer's obligation, according to the express terms of the policy, was to pay the insurance to them in 20 annual payments.

The several changes of beneficiaries show that the insured was concerned about the disposition of the insurance and especially about whether and how plaintiffs should receive it. He determined that they should receive it as beneficiaries according to the terms of the policy. After all, the insured paid for the insurance. It was his right, with the company's consent, to dispose of the proceeds thereof as he pleased. It is altogether to the company's credit that it insists on fidelity to the deceased insured by faithful performance of the insurance contract according to its terms.

For the reasons stated, I think that there should be a reversal and that judgment should be ordered for defendant.

YOUNGDAHL, JUSTICE (dissenting).

I concur in the dissent.