SANBORN, *Adm'r*, *v.* BLACK *& a.*

When a by-law of a mutual benefit association provides that a member shall not change his beneficiary without the consent of the directors and a record thereof on the books of the association, the right of a substituted beneficiary is not defeated by the neglect or arbitrary refusal of the directors to consent to and make a record of the change.

BILL OF INTERPLEADER. Facts agreed. The Odd Fellows' Mutual Relief Association of the Connecticut River Valley has paid to the plaintiff, for the benefit of the party entitled to it, $975, upon a certificate of membership issued to the plaintiff's intestate, Frederick A. Black, February 8, 1877, by which the association promised to pay $1,000, upon Black's decease, to the person or persons designated by him in his application for membership or in his last legal assignment, provided such person or persons were heirs or relatives of or dependents upon him. The by-laws of the association contained the following provisions : " If either of the persons so designated have died prior to the death of the member, the sum which would have been paid to said decedent's beneficiary, had he or she been living at the time of the member's death, shall be payable to other beneficiaries, if there are any named, in equal proportions ; but if there are no other beneficiaries named, to the next of kin of the deceased member. A member shall not change his beneficiary . . . without the consent of the directors, and a record being made of the same on the books of the association."

In his application Black designated his wife, Julia, as beneficiary. She died in 1885, and he subsequently married the defendant, Louisa. September 27, 1889, he endorsed upon the certificate and signed the following,—" It is my will that the benefit named in this instrument be paid to my wife, Louisa F. Black,"—and sent it to the association, at Springfield, Mass., to get the consent of the directors to the change and have it recorded. He died October 3, 1889. The directors, not holding any meeting in the meantime, did not consent to the change before his death : three of them consented in writing September 20, 1890. Louisa and the next of kin appear and claim the money in the plaintiff's possession.

*Edward B. S. Sanborn*, for the plaintiff.

*Frank N. Parsons*, for Louisa F. Black.

*Albin & Martin*, for the next of kin.

CHASE, J.   It is claimed that Black's designation of his second wife as beneficiary is not effectual, because it was not consented

to and recorded, as required by a by-law of the association, before his death.

The association's promise to pay the sum named in the certificate of membership to some one, either a designated beneficiary or the member's next of kin, is absolute. It also gives the member authority to choose and from time to time to change his beneficiary, provided the person appointed is a relative of or a dependent upon him. This feature distinguishes the contract from ordinary contracts of life insurance. *March* v. *American Legion of Honor*, 149 Mass. 512, 515. It deprives any one from acquiring a vested interest in the insurance during the lifetime of the member. *Barton* v. *Association*, 63 N. H. 535; *Knights of Honor* v. *Watson*, 64 N. H. 517, 519. Compare *City Savings Bank* v. *Whittle*, 63 N. H. 587. Authority in the association or its directors to defeat the member's choice by arbitrarily withholding consent would be inconsistent not only with the right expressly granted to him, but also with the general nature and purpose of the contract. It would "go to the destruction of the thing granted, and . . . according to the well known rule, the thing granted would pass discharged of the condition." *Dallman* v. *King*, 4 Bing. N. C. 105, 109; *Moore* v. *Woolsey*, 4 E. & B. 243, 256; *Braunstein* v. *Insurance Company*, 1 B. & S. 782, 795; *Boynton* v. *Insurance Company*, 43 Vt. 256, 262; *Thomas* v. *Fleury*, 26 N. Y. 26, 34; *Bowery National Bank* v. *Mayor*, 63 N. Y. 336, 339, 340; *Nolan* v. *Whitney*, 88 N. Y. 648. It is not claimed that any reason existed in this case for withholding consent. The person designated as beneficiary is one of a class entitled to become such, and, so far as appears, is unexceptionable in all respects.

One purpose of the by-law was to secure to the association reliable evidence of every change in beneficiaries, so that it would know to whom it was liable upon the death of a member, and be protected, to some extent at least, from litigation by adverse claimants. *Anthony* v. *Association*, 158 Mass. 322, 324; *Supreme Council American Legion of Honor* v. *Smith*, 45 N. J. Eq. 466; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1, 4. Here this purpose was fully accomplished. Black's designation was sufficient, in form and substance. It was forwarded to and received by the association several days before his death. He did all that he was required to do, all that he could do, to complete the transfer of the association's obligation to Louisa. There being no sufficient reason to justify other action on the part of the directors, he had the right to have the transfer consented to by them and recorded. The only reason suggested why consent was not given and record was not made is, because the directors did not meet before his death after receiving the assignment. If they had met and declined or neglected to consent, and Black had lived, law or equity would have furnished him an adequate remedy to secure his right. *Walker* v. *Walker*, 63 N. H. 321. Upon his death

Louisa's expectancy became a vested right. She became entitled (as he was in his lifetime) to insist that the directors should perform their duty under the contract. *Scott* v. *Association*, 63 N. H. 556; *Connelly* v. *Association*, 58 Conn. 552; *Vivar* v. *Knights of Pythias*, 52 N. J. Law 455. Under the circumstances equity treats that as done which ought to have been done. *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1; *Isgrigg* v. *Schooley*, 125 Ind. 94.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.