S. J. FRANKLIN, APPELLANT, v. CITY OF MILLVILLE ET
AL., RESPONDENTS.

Argued June 27, 1922—Decided November 20, 1922.

This court, in reviewing the judgment of the Supreme Court in cer-
tiorari, will, as a general rule, not consider any question not
set up in the reasons filed or not argued in the Supreme Court.

On appeal from the Supreme Court, whose opinion is re-
ported in 97 N. J. L. 25.

For the appellant, Lewis Starr.

For the respondents, Louis H. Miller.

Per Curiam.

The decision of the Supreme Court was challenged on the
argument of this appeal in only two particulars—first, that
the statute requiring municipal contracts for work, &c., to
an amount of over $500, to be let by advertisement and com-
petition, was applicable. This is now withdrawn, counsel
submitting to the decision of the Supreme Court in Heston
v. Atlantic City, 93 N. J. L. 317; so we have not considered
the point; secondly, it is alleged that, in holding that the
city had power to pass an ordinance for the employment of
an engineer to prepare plans and specifications for an electric
light distributing system, without having first determined
by ordinance that such system should be constructed, the
Supreme Court overlooked the fact that the ordinance
brought up also called for the supervision by said engineer
of the construction of such system in the absence of any or-
dinance to construct the same.

This question we do not feel called upon to consider. It
is not raised in the reasons on certiorari, of which the only
one applicable is the fifth, and that is restricted to the point

discussed by the Supreme Court, *i. e.*, the plans and specifications alone. The seventh is merely a general assertion of lack of power to pass the ordinance.

Moreover, it seems plain from the quotation by the Supreme Court from the brief of the present appellant, and the comments of the court, that the argument was restricted, and properly so, to the reasons filed, and that the point now made was not there presented.

The settled rule is that this court need not, and except for special reasons will not, pass on questions not raised in the court below, and this case is not within any of the exceptions to that rule. Recent cases on this point are *Marten* v. *Brown*, 81 *N. J. L.* 599, 601; *State* v. *Shupe*, 88 *Id.* 610; *Ruggles* v. *Ocean Accident Corp.*, 89 *Id.* 180; *McMichael* v. *Horay*, 90 *Id.* 142, 145.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON, JJ.   10.

*For reversal*—None.