MILDRED L. EHLERMAN, Administratrix, Appellee, v. BANKERS LIFE COMPANY, Appellee; W. F. TETER, Appellant.

INSURANCE: Life Insurance—''Change of Beneficiary'' and Assignment Contrasted. An instrument which clearly evidences an attempt by an insured to *change the beneficiary* from himself to another named person, which attempt was abortive because of the negligent failure of the parties to comply with the policy provisions relative to consummating such change, may not, in an action at law, be treated as the equivalent of or as constituting an *assignment* of the interest of the assured in the policy.

Headnote 1:  37 C. J. p. 426.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 24, 1924.

REHEARING DENIED FEBRUARY 13, 1925.

ACTION upon two life policies. A demurrer was sustained to the answer of W. F. Teter, who, having asserted a claim to the proceeds of the policies, was joined with the insurer as a defendant. Teter appeals.—*Affirmed*.

*Stason & Stason,* for appellant.

*J. A. Berry* and *Jepson, Struble, Anderson & Sifford,* for appellee.

STEVENS, J.—Appellee is the administratrix of the estate of Frederick M. Ehlerman, who died intestate, January 11, 1923. At the time of his death, he held two policies of $5,000 each in the Bankers Life Company of Des Moines, Iowa, payable on their face to the assured, his executors, administrators, or assigns. At the time of the death of the assured, the policies were in the possession of the insurer, and were held by it as security for loans made by it to the assured. The insurer paid the net proceeds of the policy into court for the use and benefit of the person entitled thereto, and was discharged. Appellant answered the petition of appellee, alleging a change of beneficiary, and attaching to his answer copies of the company's regular blanks for change of beneficiary, executed August 30, 1922, by the assured, designating a change of beneficiary from Frederick M. Ehlerman to appellant.

It is further alleged in the answer that the two policies in suit, with several others, were issued to Frederick M. Ehlerman, all of which were assigned to Ehlerman Bros. & Co., incorporated, of which the insured and appellant were the stockholders, to be used by said corporation in borrowing money for its benefit, the premiums being paid by it; that, when Ehlerman Bros. & Co. became insolvent, and its affairs were fully liquidated, a division was made of the policies, the two in suit being acquired by appellant; that, to accomplish such division, it was orally agreed between Frederick M. Ehlerman and appellant that the latter should personally pay the premiums on said policies for his own protection; and that, in pursuance of such oral agreement, the attempted change of beneficiary was made, and the instrument delivered to one Peter Balkema, with instructions to forward the same to the insurer at Des Moines; but that, through some inadvertence, this was not done until after the death of the assured. Appellant asked that the change be completed by the issuance of a new certificate, and for judgment against the company for the net amount due on the policies.

Appellee demurred to appellant's answer on the ground that the attempted change of beneficiary was ineffectual, for the reason that it did not comply with the provisions of the policies which required that:

"When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, if there be no existing assignment of this policy, may, while the policy is in force, designate a new beneficiary with or without reserving the right of revocation by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon.   Such change shall take effect when indorsed on the policy by the company and not before. * * *"

The demurrer was sustained, and Teter appeals.   The argument on behalf of appellant proceeds entirely on the theory that the transaction pleaded by him in his answer was intended as an assignment by the assured of his interest in the policies, and that he is entitled, as assignee, to the proceeds thereof.   Appellee, however, treats the answer as setting up a change of beneficiary, and limits his citation of authorities and argument to the propositions raised by the demurrer.

There is a clear distinction between a change of beneficiary in a life policy and an assignment by the insured of his interest therein.   The policies in controversy were assignable, the manner being prescribed thereby.   An assignment of a life policy rests upon contract; while the power to change a beneficiary is the power to appoint.   1 Bacon on Life & Accident Insurance (4th Ed.), Section 388.   This distinction is so uniformly recognized by the courts that it need not be supported by the citation of cases.   An assignment must be accomplished by an actual or constructive delivery of the policy.   Manual delivery could not be accomplished by the parties in this case, as the policies were in the possession of the insurer.   So far as the ultimate facts are alleged in the petition, no assignment of the policies in writing was attempted.   That it was the intention of the parties to irrevocably transfer the right to receive the insurance to the appellant is quite conclusively established by the execution of the written instruments to that effect.   These instruments, however, are in the prescribed form of the insurer for a change of bene-

ficiary, and do not purport in any sense to evidence an assignment of the interest of the assured to appellant. The action is at law; and, although a motion was made to transfer the cause to equity, the court did not rule upon the motion.

If the answer pleaded only a change of beneficiary, the ruling of the court on the demurrer was clearly correct. As already noted, the provision of the policies for a change of beneficiary required the filing of a written notice of such proposed change at the home office of the company, and that the same should not become effective until indorsed on said policies. Subject to certain well defined exceptions, a change of beneficiary can be accomplished only by a strict compliance with the provisions of the policy. *Holden v. Modern Brotherhood of America*, 151 Iowa 673; *Thomas v. Locomotive Eng. Mut. L. & A. Ins. Assn.*, 191 Iowa 1152; *Muller v. Penn Mut. Life Ins. Co.*, 62 Colo. 245 (161 Pac. 148); *Prahm v. Prudential Ins. Co.* (N. J.), 120 Atl. 918; *Metropolitan Life Ins. Co. v. Zgliczenski* (N. J.), 119 Atl. 29); *McLaughlin v. McLaughlin*, 104 Cal. 171 (37 Pac. 865); *Knights of Maccabees v. Sackett*, 34 Mont. 357 (86 Pac. 423); *Freund v. Freund*, 218 Ill. 189 (75 N. E. 925).

The failure of appellant to have the change of beneficiary consummated was due to the fault of his own agent, who failed to forward the writings delivered to him to the company at its home office. This does not bring the transaction within any of the recognized exceptions; but it is not claimed by appellant that the transaction operated, in law or in equity, to effectuate a change of beneficiary,—his contention being that the transaction, considered as a whole, was intended to operate as an assignment of the policies. We shall not review the numerous authorities cited by appellant on the question of the assignment of choses in action, or attempt to point out the elements essential to the assignment of a life policy. The answer does not, either in terms or effect, plead an assignment, but is based entirely upon the attempted change of beneficiary. No other interpretation of the pleading is possible. The parties,—that is, deceased and appellant,—sought only, at best, to make a division of the several policies issued upon the life of Ehlerman and assigned by him to the corporation for its use in securing loans from the insurer; and this they attempted to accomplish by a change of

beneficiary, in strict compliance with the method prescribed by the policies. So far as the ultimate facts are pleaded in the answer, the subject of an assignment of the policies was neither discussed nor contemplated by them.

Of course; effect will be given to the intention of the parties, when shown; but the pleading indicates that the intention was not to assign the policies, but to change the beneficiary. If the parties had intended to transfer the right to the insurance to appellant by assignment, the method would have been entirely different from that pursued by them. A change of beneficiary was perhaps the simplest and easiest method, and it is possible that the parties were prompted in some measure to accomplish in this way what they desired, because of the fact that the policies were in the possession of the company. Under the circumstances, if the transaction was intended by them to constitute an assignment, they would, no doubt, have conformed to that purpose the writings which had been executed. They understood the method of assigning policies, as a large number had been taken out in the name of Ehlerman and by him assigned to the corporation. The only conclusion to be drawn from the pleading is that a change of beneficiary, and not an assignment, was intended.

We see no way to avoid the conclusion arrived at by the court below, and its judgment is, therefore,—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.