MODERN WOODMEN OF AMERICA v. WOODDEN et al.
No. 741.

District Court, D. Idaho, E. D.
May 12, 1931.

George G. Perrin, of Rock Island, Ill., and Alfred S. Edler, of Chicago, Ill., for complainant.

T. C. Coffin, of Pocatello, Idaho, for defendant Woodden.

Jones, Pomeroy & Jones, of Pocatello, Idaho, for defendant Snyder.

CAVANAH, District Judge.

The Modern Woodmen of America, a fraternal beneficiary society, issued a benefit certificate on the life of Lindley H. Accard, payable to Elizabeth J. Accard, his mother, as beneficiary, with the right on the part of the insured to change the beneficiary in the manner provided in the certificate and by-laws of the society. On November 6, 1927, the insured requested a change of beneficiary, and a new benefit certificate was issued on December 6, 1927, payable to Ralph E. Woodden, in compliance with the provisions of the certificate and by-laws of the society. Thereafter, on July 26, 1929, the insured indorsed on the new benefit certificate a request for change of beneficiary, payable to John W. Snyder. The camp clerk at Grand Rapids, Mich., a subordinate lodge of the society, on July 30, 1929, attached his signature to the request of Accard, although he had not seen Accard execute the request. The insured having died on July 30, 1929, and conflicting claims of Woodden and Snyder to the insurance having been made to the society, it paid the amount into court and filed a bill of interpleader, praying that the defendants Woodden and Snyder be required to interplead and litigate their respective claims.

It is urged by Woodden that no change of beneficiary is effective under the provisions of the by-laws and certificate until a new certificate has been issued by the head clerk in the lifetime of the insured, as it is required that if the insured desires to make a change of beneficiary he must execute the clause on the back of the benefit certificate and designate the change he desires to make, which must be made in the presence of and attested by a camp clerk or acknowledged by an officer authorized by law to take acknowledgments and deposit a fee of fifty cents with the local camp clerk.

The evidence material to the question presented shows that on July 26, 1929, the insured indorsed upon the benefit certificate a request for change of beneficiary to Snyder, and requested Welch to deliver the certificate to the camp clerk of the society at Grand Rapids, Mich., which was done on July 27, 1929, and the necessary fee of fifty cents was then paid. The camp clerk then on July 30, 1929, after the death of the insured, placed his signature on the application for change of beneficiary, and then sent it by mail to the main office at Rock Island, Ill. There was no certificate issued by the society changing the beneficiary from Woodden to Snyder, as the insured died on July 30, 1929, at 2 o'clock a. m. Snyder now contends that the insured did everything in strict accordance with the by-laws and certificate, with the exception of the fact that the camp clerk's signature attached to the certificate for change of beneficiary was done outside the presence of the insured, and that on account of the acts and conduct of the camp clerk there was a waiver of that requirement, and both Woodden and the society are now estopped from claiming that the request for change of beneficiary was not executed in the presence of the camp clerk, or acknowledged before an officer authorized by law.

Unquestionably there is a difference between fraternal benefit societies and ordinary life insurance, and the difference in respect to the right of the insured to change the beneficiary is firmly established. No vested right is conferred upon a beneficiary named in a benefit certificate of a fraternal benefit association until the death of the insured member, in the absence of a rule of the association to the contrary, as it may be defeated at any time by an act of the insured member, who may change his designation of beneficiary at will. The requirements that a change of beneficiary shall be done in a certain manner are made for the protection of the society, and if complied with to its satisfaction, or if waived by the society during the life of the insured, it cannot be availed of to support the claim of a former beneficiary. Supreme Council of Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966. This principle is recognized, with three exceptions. In the case of Supreme Conclave, Royal Adelphia v. Cappella (C. C.) 41 F. 1, 4, which has been cited with approval generally by the courts, the court there stated the general rule to be that: "In making such change of beneficiary, however, the insured is bound to do it in the manner pointed out by the policy and the by-laws of the association, and any material deviation from this course will invalidate the transfer," with the exceptions: (a) "If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary,

has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. This naturally follows from the fact that, having no vested interest in the certificate during the life-time of the assured, he has no right to require that the rules of the association, which are framed alone for its own protection and guidance, are not complied with." (b) "If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made." And (c) "if the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate has been issued." Stringham v. Dillon et al., 42 Or. 63, 69 P. 1020; McLaughlin v. McLaughlin, et al., 104 Cal. 171, 37 P. 865, 43 Am. St. Rep. 83; Knights of Maccabees of the World v. Sackett et al., 34 Mont. 357, 86 P. 423, 115 Am. St. Rep. 532.

Snyder here insists that the insured did everything he could to change the beneficiary, as pointed out by the by-laws and application for change of beneficiary, and therefore a court of equity will decree that it be done which ought to be done, bringing the change of beneficiary by the insured Accard within the third exception recognized by the authorities. The application for change of beneficiary required the insured Accard, in case for any reason it cannot be attested by the camp clerk that it must be executed before an officer authorized to take acknowledgments, as it is there provided that, "In case the foregoing, for any reason, cannot be attested by the clerk of any camp, same must be executed before an officer authorized to take acknowledgments, having a seal, who should attach a certificate of acknowledgment in the usual form." The by-laws of the society also contain the same instruction, as it is provided that the insured, desiring to make a change of beneficiary, must himself execute the clause on the back of the benefit certificate and designate therein the change he desires. The execution of the surrender clause must be made in the presence of, and be attested by, a camp clerk, or acknowledged by an officer authorized by law to take acknowledgments and having a seal. Fifty cents must be deposited with the local camp clerk, who shall forward the certificate to the head clerk, who shall thereupon issue a new certificate, and no change in the designation of beneficiary should be effective until the new certificate has been issued by the head clerk in the life-time of the member.

The inquiry then is: Did the insured Accard do everything he could have done to effect a change of beneficiary? The undisputed facts disclose that his signature to the application for change of beneficiary was not attested by a camp clerk or by an officer authorized to administer oaths. The camp clerk did not sign his name to the back of the certificate until after the death of the insured, and in ignorance that the insured was dead. He did not see the insured sign his name. It is evident that the signature of the insured to the certificate was not attested as required by the by-laws and the certificate. The fact that the insured signed his name in the presence of Welch, who was neither the camp clerk or an officer authorized to take acknowledgments, does not comply with the requirements of the by-laws and the certificate when in making a change of beneficiary, as it is there provided that, "Any attempt by a member to change the payee of the benefits of any benefit certificate or rider by will, or other testamentary document, contract, agreement, assignment, or otherwise than by strict compliance with the provisions of this section shall be absolutely null and void." Some other method cannot be substituted for the method provided in the by-laws and instructions on the certificate. The purpose of the provisions in the by-laws and instructions on the certificate, requiring the insured to attest his signature in the presence of a camp clerk or before an officer authorized by law to take acknowledgments, was to protect both the original beneficiary and the society from any fraud or influence that might be imposed on the insured, who may be mentally weak or easily influenced by others during his last hours. No new certificate showing change of beneficiary to Snyder was ever issued, and the head office, who was the only one who could issue a new certificate, had the right to refuse to do so on the ground that a strict compliance with the by-laws and instructions on the certificate had not been done during the lifetime of the insured, and therefore the society could not, under the authorities, have waived this requirement of its by-laws and instructions on the certificate unless it was done during the lifetime of the insured. A camp clerk could not waive the requirements, because the authority to issue a new certificate was vested only in the society at its head office, and neither he nor the society

could waive compliance with the by-laws and instructions, unless done during the lifetime of the insured. No duty devolved upon the camp clerk to take any action until he had received an application for change of beneficiary completed in accordance with the rules of the society.

The record failing to establish a change of beneficiary in compliance with the rules of the society, and no waiver of the by-laws and instructions on the certificate having occurred during the lifetime of the insured, it must follow that a decree be entered awarding to the defendant Ralph E. Woodden the $3,000 deposited in court by the complainant, Modern Woodmen of America, with costs against the defendant John W. Snyder.