# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2819

_____

Joetta Hearing,

*Plaintiff - Appellee*,

v.

Minnesota Life Insurance Company,

*Defendant*,

Nikole C. Holloway,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: April 14, 2015
Filed: July 16, 2015
_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Jon Holloway purchased a life insurance policy from Minnesota Life Insurance Company and designated his sister, Joetta Hearing, as beneficiary. Jon died in 2013. On or near his body was found a handwritten note purportedly signed by Jon and expressing his intent that his daughter, Nikole Holloway, receive the proceeds of the life insurance policy.

Hearing, the sister, filed an action against Minnesota Life, seeking an order directing the insurer to pay the proceeds to her. Minnesota Life moved to interplead the funds and to join Holloway, the daughter, in the action as a third-party defendant. Holloway filed a counterclaim, seeking an order directing Minnesota Life to pay the proceeds to her. Hearing then moved to dismiss or, alternatively, for summary judgment.

The district court[1] granted Hearing's motion for summary judgment, concluding that Jon Holloway did not effect a change in beneficiary from his sister to his daughter. Nikole Holloway appeals, and we affirm.

I.

Pursuant to a decree upon a divorce from his wife, Jon Holloway purchased a life insurance policy in the amount of $100,000 from Minnesota Life Insurance Company in 1998. The divorce decree required Jon to maintain a life insurance policy payable to his children until his child support obligations ended. Jon designated his sister, Hearing, beneficiary of the policy. The policy application stated that Jon was "[n]aming sister as beneficiary so ex-wife can't control the death proceeds." Jon's child support obligations ended no later than 2008.

---

[1]The Honorable Leonard T. Strand, United States Magistrate Judge for the Northern District of Iowa, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

When Jon died in 2013, a handwritten note dated September 18, 2012, addressed to "Nikki" and signed by Jon was found on or near his body. The note expressed Jon's love for Nikki, directed her to "sell everything you don't want and bank it," and said, "Chris would like the 44 Back The Rest you Get." At the end, the note listed the policy number for the Minnesota Life insurance policy, and the name and telephone number of the insurance agent.

Nikole Holloway, whom we will call "Holloway," submitted the note to Minnesota Life after Jon's death and claimed a right to the proceeds of the policy. Minnesota Life advised Holloway and Hearing of their competing claims. After a series of filings in state and federal court, the district court eventually permitted Minnesota Life to deposit the funds with the court and dismissed the company from the action. That left Hearing and Holloway to battle for the proceeds. The court granted summary judgment for Hearing, reasoning that Jon did not take adequate steps to change the beneficiary from Hearing to Holloway under the policy's change-of-beneficiary requirements.

## II.

Holloway first argues that she is entitled to the proceeds from the policy because Jon's handwritten note satisfied the policy's requirements for changing the beneficiary. In general, "a change of beneficiary can be accomplished only by a strict compliance with the provisions of the policy." *Ehlerman v. Bankers' Life Co.*, 200 N.W. 408, 409 (Iowa 1924). Where an insurance company deposits contested proceeds with the court, however, strict compliance is not required. *Thomas v. Locomotive Eng'rs.' Mut. Life & Accident Ins. Ass'n*, 183 N.W. 628, 636 (Iowa 1921). Under those circumstances, it is sufficient under Iowa law that "an insured clearly intended to change the beneficiary . . . and that prior to his death he gave written notice to the insurer of the change intended." *Franck v. Equitable Life Ins.*

*Co.*, 203 F.2d 473, 476 (8th Cir. 1953); *see Isgrig v. Prudential Ins. Co. of Am.*, 45 N.W.2d 425, 428 (Iowa 1950).

Jon's life insurance policy contains the following language:

If you have reserved the right to change the beneficiary, you can file a written request with us to change the beneficiary. . . . Your written request will not be effective until we record it in our home office. After we record it, the change will take effect as of the date you signed the request. However, if the insured dies before the request has been so recorded, the request will not be effective as to those death proceeds we have paid before your request was so recorded.

The policy defines "you" as "[t]he owner of this policy."

Holloway argues she is the policy's beneficiary because Jon's note constituted a "written request" to change the beneficiary. She further contends that the policy allowed her to submit the note after Jon's death, because the policy provides that "if the insured dies before the request has been . . . recorded," the request will be effective as to death proceeds paid after it is recorded. She argues, therefore, that the policy contemplates recording a written request after the insured dies, and that her submission of Jon's note to Minnesota Life complied with the policy's requirements for changing a beneficiary.

We cannot accept this construction of the policy. The policy requires the *policy owner* ("you")—in this case, Jon—to "file a written request with [Minnesota Life] to change the beneficiary." The policy does not permit a third party (*e.g.*, a new beneficiary) to file a request to change beneficiary, especially after the death of the insured. The policy contemplates that an insured might submit a written request and die before the request is recorded; it does not allow for a third party to request a change in beneficiary after the insured is deceased.

-4-

There is no evidence that Jon notified Minnesota Life of an intent to change the beneficiary. Holloway thus cannot show that the beneficiary was changed in accordance with the terms of the policy. Nor can Holloway prevail under the rule of Iowa law that notice to the insurer may be sufficient, despite noncompliance with certain requirements or formalities, if notice is given before the death of the insured. *Isgrig*, 45 N.W.2d at 428. Rather, Holloway at best presents an "example[] of unexecuted intent to make a change of beneficiary," *id*., where application for change of beneficiary was not delivered to the insurer until after the death of the insured. In that situation, the Supreme Court of Iowa consistently has deemed the notice insufficient and ruled for the original beneficiary. *Id*. (citing cases).

III.

Holloway also argues that the district court erred in declining to impose a constructive trust in her favor over the policy proceeds. Under Iowa law, a constructive trust is an equitable remedy imposed to prevent unjust enrichment. *In re Estate of Peck*, 497 N.W.2d 889, 890 (Iowa 1993). Constructive trusts may arise from fraud or "equitable principles other than fraud." *Berger v. Cas' Feed Store, Inc.*, 577 N.W.2d 631, 632 (Iowa 1998). Those equitable principles may allow for relief in cases of "bad faith, duress, coercion, undue influence, abuse of confidence, or any form of unconscionable conduct or questionable means by which one obtains the legal right to property which [one] should not in equity and good conscience hold." *Id*. In other words, "the essence of the [constructive] trust is wrongdoing of some kind." *Sinclair v. Allender*, 26 N.W.2d 320, 325 (Iowa 1947). Evidence to establish a constructive trust must be clear and convincing. *James v. James*, 105 N.W.2d 498, 500 (1960).

Holloway is not entitled to a constructive trust over the insurance proceeds because she presented no evidence that Hearing obtained her beneficiary status through any wrongdoing, unconscionable conduct, or questionable means. Holloway

urged only that Jon intended that she, not Hearing, receive the proceeds. But a constructive trust should not be used to give effect to an alleged unexecuted intent of a decedent where the named beneficiary did nothing wrong. *See Sinclair*, 26 N.W.2d at 325; *Estate of Farrell*, 461 N.W.2d 360, 362 (Iowa Ct. App. 1990). If the rule were otherwise, then the Iowa court's requirement in *Isgrig* that an insured must give written notice to the insurer before death would be meaningless, and every case could invite litigation over the decedent's unexecuted intent.

On appeal, Holloway alleges that Hearing acted in "bad faith" and abused Jon's confidence by keeping the proceeds even though Jon "entrusted [her] to see to it that Holloway . . . would receive the life insurance proceeds in the event of his death." Yet Holloway presented no evidence that Hearing agreed to give the proceeds to Holloway, or that Jon asked Hearing to do so. Jon's statement in his policy that he was naming Hearing as beneficiary "so ex-wife can't control the death proceeds" does not establish that Jon entrusted Hearing to deliver the proceeds to Holloway. Insofar as the divorce decree's requirement that Jon maintain life insurance for his children might have given Holloway an interest in the proceeds, the requirement was premised on Jon's child support obligation, and that obligation ended before Jon's death. Holloway thus failed to establish her right to a constructive trust.

IV.

Holloway argues finally that the district court erred by treating Hearing's motion to dismiss as a motion for summary judgment without proper notice, and without giving Holloway opportunity to provide materials in opposition to the motion. Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as one for summary judgment if the court considers matters outside the pleadings that were presented by the movant. Where the movant designates its motion to dismiss alternatively as a motion for summary judgment, and the nonmovant submits materials outside the pleadings, a district court is not required to

give formal notice that it will treat a motion as one for summary judgment. *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995).

Here, Holloway had adequate notice that the district court would treat Hearing's motion as a summary-judgment motion: Hearing designated her motion as a summary-judgment motion and attached the policy's change-of-beneficiary provision to the motion. Holloway urged the district court to treat the motion as a motion for summary judgment, and Holloway submitted additional evidence in response to Hearing's motion. Holloway's objection that she had no opportunity to submit materials in opposition to Hearing's motion is belied by her submission of a brief in resistance, a statement of material facts, and an excerpt from Jon's policy application.

Holloway further contends that summary judgment was improper because Hearing's motion did not include a separately-numbered statement of facts, as required by Northern District of Iowa Local Rule 56(a), or supporting record citations, as required by Federal Rule of Civil Procedure 56(c)(1)(A) and the local rule. A procedural defect under the rules constitutes reversible error only if the defect is prejudicial. Fed. R. Civ. P. 61; *BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 897-98 (8th Cir. 2013). Holloway contends that she was prejudiced because Hearing's statement of material facts—which contained only the insurance policy's change-of-beneficiary provision—frustrated Holloway's ability to respond to each material fact.

Holloway does not identify any specific fact to which she was unable to respond because of alleged shortcomings in Hearing's motion. The record demonstrates that Holloway was aware of the facts on which the district court relied and had adequate opportunity to respond. Holloway acknowledged in her own statement of facts that Jon named Hearing as the policy beneficiary. Holloway was on notice of the policy's change-of-beneficiary provision, as Hearing included that

language in her statement of facts. Holloway did not allege that Jon took steps to notify Minnesota Life of his desire to change the beneficiary. The only material fact not contained in either party's statement of facts was the "Definitions" section of the policy, which clarified that the person who could submit a change-of-beneficiary form ("you") was the owner of the policy. But Hearing cited the "Definitions" provision in her response to Holloway's statement of facts, and Holloway does not contend that the definition is inaccurate. We therefore conclude that Holloway was not prejudiced by any procedural defects in Hearing's motion.

Holloway also complains that the district court prematurely granted summary judgment before she could complete discovery. Holloway, however, did not file a motion under Federal Rule of Civil Procedure 56(d) specifying why additional discovery was required, or otherwise explain to the district court how additional evidence would support her claims. Holloway's conclusory statement that additional discovery would "materially bolster" her claim did not "affirmatively demonstrat[e]" how postponement of a summary-judgment ruling would enable her to rebut Hearing's showing. *See Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975).

The judgment of the district court is affirmed.

_____